**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1625-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HARRY L. CAVER, a/k/a
ROBERT CAVER, ROBERT L.
CAVER, ROBERT CAVE, ROBERT
LOUIS, and HARRY CARVER,

    Defendant-Appellant.

_____

Submitted March 4, 2019 – Decided July 3, 2019

Before Judges Haas and Sumners.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 09-12-1132.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

Michael A. Monahan, Acting Union County Prosecutor, attorney for respondent (Reana Garcia, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

This post-conviction relief (PCR) appeal returns to us following our remand for an evidentiary hearing. After conducting a hearing, the PCR judge denied defendant's claim that trial counsel was ineffective in the manner he represented him during plea negotiations.

Defendant argues in a single point:

> [DEFENDANT] IS ENTITLED TO RELIEF ON HIS CLAIM THAT COUNSEL WAS INEFFECTIVE BY FAILING TO NEGOTIATE HIS PLEA ADEQUATELY SUCH THAT HE WAS FORCED TO PROCEED TO TRIAL AND RECEIVE A LENGTHIER SENTENCE THAN THAT OFFERED DURING PLEA NEGOTIATIONS.

Because the judge's factual and credibility determinations that a plea offer of a five-year prison term was not extended was supported by sufficient credible evidence in the record, we affirm.

The procedural history and trial evidence are detailed in our opinions affirming defendant's conviction on direct appeal, State v. Caver, No. A-2852-11 (App. Div. Feb. 27, 2013), and remanding his PCR petition for an evidentiary hearing, State v. Caver, No. A-1758-14 (App. Div. Apr. 26, 2017), and in the PCR judge's written opinion dated September 5, 2017. A summary will suffice here.

In August 2009, defendant was indicted for various offenses arising from the sale of controlled dangerous substances (CDS). According to the pre-trial memorandum, defendant rejected the State's offer that he plead guilty to third-degree distribution of CDS in exchange for the State's recommended dismissal of the other charges and a recommended prison term of eight years with forty-two months of parole ineligibility. The memorandum also stated that defendant qualified for an extended term sentence, and that the rejection of the plea offer could result in a more severe sentence up to the maximum allowed if he was convicted after trial. After defendant failed to appear for trial, the trial proceeded without him and he was found guilty of all charges; the most serious being second-degree distribution of CDS within 500 feet of public housing, N.J.S.A. 2C:35-7.1. He was later sentenced to an extended prison term of twenty years with ten years of parole ineligibility.

Following denial of defendant's appeal of his conviction and sentence, he filed a PCR petition alleging numerous claims of ineffective assistance of counsel. However, this appeal only pertains to the claim that counsel was ineffective for failing to negotiate a five-year flat term plea offer, thereby forcing defendant to proceed to trial, resulting in his conviction and an extended term of twenty years with ten years of parole ineligibility. The judge denied

PCR without an evidentiary hearing. We determined that an evidentiary hearing was necessary because there were questions concerning the discussions that took place regarding plea negotiations that could only be resolved at an evidentiary hearing.

After conducting an evidentiary hearing at which defendant's trial counsel and the assistant prosecutor who tried the case testified, the PCR judge, who also presided over the trial and sentenced defendant, rejected those claims. Finding both witnesses credible, the judge issued a well-reasoned written decision determining:

> [Defendant] has provided no evidence that any formal plea offer was credibly offered by the [S]tate prior to going to trial but subsequent to the plea[] cut[-]off, pursuant to the pre-trial memorandum. [Defense counsel] and [the assistant prosecutor] credibly testified that the [defendant] was unwilling to accept [an] offer by the [S]tate requiring custodial time. Further, [the assistant prosecutor] could not recall having made any offer other than an offer that contained prison time. [Defendant], was advised by the [pre-trial judge] that by signing the pre-trial memorandum, he was foregoing any offers existing. [Defendant] failed to substantiate any other offer that was amenable to him because of the attached prison requirement.

A-1625-17T4

Hence, citing Lafler v. Cooper, 566 U.S. 156, 162 (2012), the judge reasoned that defendant failed to demonstrate there was a plea offer that was amenable to him.

On this appeal, our review of the PCR judge's decision is limited.

> When reviewing a PCR court's determination, we generally defer to the court's factual findings, including credibility determinations, if they are supported by adequate, substantial and credible evidence. However, we review legal issues de novo. Finally, when considering mixed questions of law and fact, we defer to supported factual findings, but review de novo the lower court's application of any legal rules to such factual findings.
>
> [State v. L.A., 433 N.J. Super. 1, 17 (App. Div. 2013) (internal quotations and citations omitted).]

After reviewing the record, we find no basis to second-guess the judge's evaluation of witness credibility, and we conclude that his decision is supported by substantial credible evidence. See ibid. Based on the facts as he found them, we agree that defendant's trial counsel did not render ineffective assistance. Rather, counsel communicated the State's plea offers to defendant, which defendant chose not to accept and took the risk of going to trial, which in hindsight was not prudent. Accordingly, we affirm substantially for the reasons expressed by the judge in his cogent decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5

A-1625-17T4